Appellant seeks a review of an order of the Civil Service Commission, dismissing his appeal of the *Page 8 
action of the superintendent of the New Jersey State Hospital, at Greystone Park, in removing appellant from his employment as an institutional charge attendant at said hospital, and affirming the action of the dismissing authorities.
Appellant had been employed at the hospital in question from October, 1938, until May 4, 1948, when his dismissal took place. During his time of service he was charged with a number of violations of the rules and regulations of the institution, some contained in written reports, dating from May 9, 1939, and continuing to his discharge.
The appellant was suspended on April 28, 1948, and given notice that a hearing on five charges alleging misconduct on or about April 24, 1948, would be held on May 4, 1948. On May 4, 1948, he was removed from his position by the superintendent of the institution. The charges alleged that (1) he committed "various and sundry acts of disorderly conduct * * * and did refuse to obey reasonable orders of your superiors regarding your said disorderly conduct;" (2) that he used offensive language toward his superior officers and fellow employees; (3) that he refused admission to his living quarters of authorized employees of the institution; (4) that he refused to remove himself from the premises of the hospital, when ordered to do so by his superior officers and to remove his personal property; and (5) that he had in his possession certain items of wearing apparel, the property of the state, for the apparent purpose of appropriating same to his personal use, without permission from his superior officers.
Under these charges, the superintendent of the hospital on May 4, 1948, removed the appellant because, as he stated, of the absence of satisfactory explanation or defense. Thereupon appeal was made to the Civil Service Commission of the State of New Jersey. Following this appeal, notice was served upon appellant of additional reasons for his removal, which were under seven headings and involved incidents occurring from May 9, 1939, and July 30, 1947.
Six witnesses testified in support of the charge of use of profane and indecent language. Other witnesses testified to other charges. *Page 9 
 R.S. 11:15-5 provides that "The investigation, inquiry or hearing authorized by Section 11:15-4 of this title shall be for the purpose of fairly determining whether the employee involved, by reason of his act as charged and his record of service, merits continuance therein or should be removed therefrom or otherwise disciplined for the good of the service."
The Civil Service Commission found the appellant guilty and sustained his dismissal, upon the charges of improper conduct.
From a careful reading and consideration of the evidence, we conclude that it supports a finding of guilty of the charge that (1) he refused to obey the reasonable orders of his superior; (2) that he used offensive language towards his superior officer and fellow employees; (3) that he refused entry to his living quarters to authorized employees of the hospital; and (4) that he had in his possession property of the state without permission of his superiors.
In light of the fact that the other and subsequent charges were related to acts alleged to have been committed at various times over a number of years; some alleged to be violations of rules and regulations, which rules and regulations were not introduced and made part of the record, we confine our determination to the original charges.
We conclude that a finding of guilt as above set forth was warranted by the evidence, and that such finding and the record of appellant is sufficient support for his removal from the service involved.
The judgment of the Civil Service Commission is affirmed. *Page 10