J-S73031-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ANGEL MANUEL DEJESUS, | : | |
| Appellant | : | No. 715 MDA 2017 |

Appeal from the Judgment of Sentence March 27, 2017
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007275-2015

BEFORE:    OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 31, 2018**

Angel Manuel DeJesus (Appellant) appeals from his judgment of sentence imposed following convictions in a bench trial for two counts of delivery of heroin.  Specifically, Appellant challenges the denial of his pre-trial motion to compel disclosure of the identity of a confidential informant.  We affirm.

The Commonwealth filed a criminal complaint on September 16, 2016, charging Appellant with the aforementioned offenses.  Prior to trial, Appellant filed an omnibus pre-trial motion seeking an order directing the Commonwealth to disclose the identity of the confidential informant used during police-controlled drug buys.  Appellant averred in his motion that the Commonwealth had not disclosed the identity of the informant and it was unclear how many informants were used during the transactions.  Motion,

---

*Retired Senior Judge assigned to the Superior Court.

7/22/2016, at ¶¶ 4-5.  Appellant argued that because the informant was the only witness to confirm or deny the transactions, he had the right to confront the informant.  *Id.* at ¶¶ 6-7.  Appellant also argued that his right to confrontation greatly outweighed the Commonwealth's privilege to keep the informant's identity confidential.  *Id.* at ¶ 8.

On October 5, 2016, the trial court conducted a hearing on Appellant's motion.  The only witness, Officer Patrick Gartrell, Jr., was called by the Commonwealth.  Officer Gartrell testified that on July 22, 2015, a confidential informant told him that the informant could purchase heroin from Appellant.  Officer Gartrell instructed the informant to call Appellant on the telephone to request that Appellant sell a bundle of heroin to the informant.  N.T., 5/6/2016, at 8.  The informant did so in the presence of Officer Gartrell.  *Id.*  Officer Gartrell heard the informant's side of the conversation, but could not hear anything on the other end of the call except that the informant was speaking to someone with a male voice.  *Id.*

Prior to the meeting to conduct the transaction, Officer Gartrell searched the informant and the informant's vehicle and found both to be free of drugs, money, or other contraband.  *Id.* at 9, 18-19.  Officer Gartrell provided the informant with $100 in cash with previously recorded serial numbers.  *Id.*  Officer Gartrell kept the informant under continuous surveillance until they reached the meeting location chosen by Appellant, a Turkey Hill convenience store, where another officer, Trooper Shawn Wolfe, was then able to surveil

the informant. *Id.* at 9-10. Meanwhile, a third officer, Trooper Dembowski watched Appellant exit his residence at 1:51 p.m. and proceed to enter the informant's vehicle three minutes later. *Id.* at 10. The only two people in the vehicle were the informant and Appellant. *Id.* at 10-11. The vehicle exited the parking lot and drove approximately half of a block before Appellant exited the vehicle and returned to his residence. *Id.* at 11. Officer Gartrell continued to surveil the informant to the next location, where the informant turned over ten bags of heroin. *Id.* at 11-12. The Commonwealth entered into evidence surveillance photographs taken by Trooper Wolfe. One of the photographs depicted a man Officer Gartrell identified as Appellant standing next to the informant's car at the Turkey Hill. *Id.* at 12-13.

Six days later, Officer Gartrell requested that the informant arrange another drug transaction with Appellant. *Id.* at 13. Once again, in Officer Gartrell's presence, the informant contacted Appellant at the same phone number he used the previous week and requested that Appellant sell him a bundle of heroin. *Id.* at 13-14. As with the previous transaction, Officer Gartrell searched the informant and the informant's car, and provided the informant with official funds. *Id.* at 14. On the way to the transaction, the informant contacted Officer Gartrell and informed him that Appellant changed the location of the meeting at the last minute. *Id.* at 15. Officer Gartrell followed the informant to the new meeting point. *Id.* When they arrived, Appellant was present already on foot, and Officer Gartrell observed him

getting into the informant's vehicle. *Id.* Only the informant and Appellant were present in the vehicle. *Id.* at 16. The police were unable to take surveillance photographs during the second meeting due to the last-minute change in location, but Officer Gartrell observed Appellant from approximately half of a block away prior to Appellant's entering the informant's vehicle at 11:44 a.m. *Id.* Officer Gartrell followed Appellant and the informant as the vehicle drove a short distance. *Id.* at 16-17. Officer Gartrell observed Appellant exit the vehicle and Detective Hoover saw Appellant walking back into his residence at 11:46 a.m. *Id.* Officer Gartrell then followed the informant until the informant met him and turned over a bundle of heroin. *Id.* at 17. The police once again searched the informant and his car and did not locate any contraband. *Id.*

Appellant did not present any witnesses at the hearing, but argued that he had a right to confront the informant because the informant was the only witness who observed the actual transactions. Further, Appellant contended the fact that Appellant was not arrested until almost two months after the second transaction "[lent] more of a possible issue as to mistaken identity." *Id.* at 20-21.

At the conclusion of the hearing, the trial court denied Appellant's motion, reasoning that there was sufficient evidence from more than one source to establish Appellant's identity at the transactions, his travels to and

from the transactions, and the receipt of drugs from the informant after the transactions. *Id.* at 24.

Subsequently, the trial court conducted a bench trial, and found Appellant guilty of the aforementioned charges. On March 27, 2017, the trial court sentenced Appellant to an aggregate term of four to eight years' incarceration. Appellant timely filed the instant appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's sole issue on appeal is whether the trial court erred in denying his request to compel disclosure of the confidential informant's identity. Appellant's Brief at 4.

We review claims that a trial court erred in its disposition of a request for the disclosure of an informant's identity for abuse of discretion. *See Commonwealth v. Washington*, 63 A.3d 797, 801 (Pa. Super. 2013). The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. *Commonwealth v. Marsh*, 997 A.2d 318, 321 (Pa. 2010) (plurality opinion). In order to overcome the Commonwealth's privilege and obtain disclosure of a confidential informant's identity during pretrial discovery, the defendant must establish that the informant's identity is material to the preparation of a defense and that the request is reasonable. *Commonwealth v. Jordan*, 125 A.3d 55, 63 (Pa. Super. 2015) (*en banc*); Pa.R.Crim.P. 573(B)(2)(i). The trial court may not exercise its discretion to determine whether disclosure is required until the defendant makes the

threshold showing of materiality and reasonableness. *Jordan*, 125 A.3d at 63. If the defendant is able to make the threshold showing,

> then the courts must balance the public interest in the police's ability to obtain information against the defendant's right to prepare his defense. In this connection, we consider the crime, the potential defense, and the significance of the [confidential informant's] testimony. The scales tip in favor of disclosure if the Commonwealth will be relying on police testimony based on a single observation. If other proof corroborates a police officer's testimony, disclosure is not mandated. Furthermore, the safety of the confidential informant can be a controlling factor in determining whether to reveal a source's identity.

*Id.*

In the instant case, the trial court determined that Appellant did not make the threshold showing of materiality and reasonableness because Appellant "failed to present any evidence or lay an evidentiary foundation to show that the confidential informant would … materially aid his defense." Trial Court Opinion, 7/23/2017, at 3-4.

Appellant disputes the trial court's determination that he failed to meet his initial burden. Appellant's Brief at 14. Appellant contends through cross-examination of Officer Gartrell he established factual support for his defense of misidentification, namely that there was no evidence from anyone other than the informant proving that he sold heroin to the informant. *Id.* Appellant asserts that the change in location during the second transaction casts doubt on whether Appellant was the individual at the new transaction location. *Id.* He argues his request was reasonable because the Commonwealth failed to

present any evidence that disclosure would create danger to the informant or compromise ongoing investigations. *Id.* at 15.

It is clear that "allegations alone do not supplant the need to make an actual evidentiary showing" that disclosure of a witness's identity is material to a defense. *Marsh*, 997 A.2d at 322. "[B]efore disclosure of an inform[ant's] identity is required in the face of the Commonwealth's assertion of privilege, more is necessary than a mere assertion by the defendant that such disclosure might be helpful in establishing a particular defense." *Commonwealth v. Herron*, 380 A.2d 1228, 1230 (Pa. 1977) (holding that the defendant failed to provide a "sufficient factual foundation to enable the trial judge to conclude that knowing the inform[ant]'s identity might be helpful in establishing an entrapment defense;" defendant failed to establish specific facts supporting entrapment through witnesses or, at a minimum, an offer of proof). *Cf. Commonwealth v. Payne,* 65 A.2d 77, 80 (Pa. 1994) (concluding that Appellant established materiality to his mistaken identity defense by testifying "at the evidentiary hearing that he had not met the trooper prior to this arrest and that he had not been at the apartment complex where the transaction occurred on the night in question").

While cross-examination of the Commonwealth's witnesses may be enough in some cases to lay an evidentiary foundation for materiality and reasonableness, we discern no abuse of discretion in the trial court's determination that the cross-examination in this case was insufficient to meet

the defense's burden. Appellant is correct that the only witness to the actual transactions was the informant. Nevertheless, multiple police officers observed Appellant and the informant on two occasions leading up to and immediately after the transactions, with circumstantial evidence demonstrating the occurrence of illegal drug transactions. The police had the opportunity to observe Appellant during daylight hours in relatively close range on both occasions. Furthermore, prior to the first transaction, the police captured Appellant in a photograph outside the informant's car at the meeting point arranged by Appellant. Appellant was reachable at the same telephone number and made the same arrangements for the second meeting, save for Appellant's decision to change the meeting location at the last minute.

To the extent that Appellant claims he was not present at the scene, Appellant offered no evidence to support this claim of mistaken identification, such as facts establishing an alibi or demonstrating the person in the photograph does not match his appearance. Despite Appellant's contention in his brief that he "made the threshold showing that his request for disclosure of the [informant] was reasonable and material" based upon a defense of misidentification, Appellant primarily relies upon the argument his counsel made at the motion hearing as opposed to actual testimony or an offer of proof. Appellant's Brief at 14 (citing N.T., 10/5/2016, at 21, 24). Beyond this, Appellant points to the last-minute change in location and the lack of photographs from the second transaction to support his claim for mistaken

identity. *Id.* (citing N.T., 10/5/2016, at 12, 16). These facts alone, however, do not constitute an "actual evidentiary showing" that Appellant was not the person at the scene or otherwise demonstrate that disclosure of a witness's identity is material to a mistaken identity defense. *Marsh*, 997 A.2d at 322. Appellant cannot rely on "mere assertion" alone. *Herron*, 380 A.2d at 1230.

Based on the foregoing, we hold the trial court did not abuse its discretion in concluding that Appellant failed to make a threshold showing of materiality.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/18